OPINION
{¶ 1} Grandview/Southview Hospitals ("Grandview") appeals from a judgment of the Dayton Municipal Court, which awarded damages to Grandview in the amount of $342.97 on six of its claims against Sharon Monie for unpaid medical bills and dismissed two others. Monie has not filed an appellee's brief.
 {¶ 2} On February 5, 2004, Grandview brought suit in the Dayton Municipal Court, alleging that Monie owed a total of $2,132.97 for services rendered to her dependents on eight occasions in 1998, 1999, and 2001. In correspondence sent to the court, which the court construed as her answer, Monie asserted that the services were covered by her insurance with United Health Care ("UHC"). She acknowledged that she was responsible for her co-payments.
 {¶ 3} A bench trial was held on July 13, 2004. Grandview presented eight exhibits representing the itemized statements for the eight occasions on which services had been rendered but the bill had not been paid in full. The statements showed balances of (1) $171.04, (2) $470.40, (3) $1,413.60, (4) $24.77, (5) $25.00, (6) $25.00, (7) $29.16, and (8) $50.00, respectively. Dianna Scott, the official keeper of billing records for the Kettering Medical Center Network (which includes Grandview), testified that, to her knowledge, all of the insurance companies had been billed, credits had been issued, and all adjustments had been made. With regard to the first bill, Monie had received an employee allowance of $42.76 but no insurance payment had been received. As to the second and third statements, Scott indicated that the insurance company had been billed but that the insurer could not "locate the claim." Scott indicated that Target Point Administrator ("TPA") was listed as the insurer for the first three statements. The balances for statements four through eight represented the copayments that Monie owed after insurance payments and contractual adjustments had been made. Scott testified that Monie had been sent several bills for each of these accounts but Monie had failed to respond.
 {¶ 4} Monie, acting pro se, testified that, at the times of service, she had been insured by UHC through Grandview, her employer. In support of her assertion, Monie presented correspondence from Michelle Miller, Human Resources Representative for Grandview, which stated that Monie had been insured by United Health Care from January 1, 1996, until December 31, 2001, at which time her coverage changed to Kettering Medical Center Network — Network Preferred. The letter listed Monie's covered dependents. Each dependent listed on the contested statements was also listed on the letter from Grandview. Monie testified that she had never been insured by TPA, that the bills submitted to TPA had been sent to the wrong insurance company, and that the bills had now been submitted to UHC. Monie denied that she was responsible for more than the co-payments for the first three statements, and she denied having received the original bills for them.[1]
 {¶ 5} The trial court found that each of Grandview's claims involved individuals who were covered by UHC through Grandview. As to the first statement, the court found that "[t]he supporting documentation indicates the provided services were not covered by insurance. Plaintiff [sic] was credited with an employee discount for the services rendered." The court granted judgment to Grandview in the amount of $171.04. The court also granted judgment to Grandview on statements four through eight, which totaled $152.93, noting that Monie had admitted that she owed these co-payments. The court dismissed Grandview's claims based on the second and third statements. It reasoned: "[T]he supporting document indicates that Plaintiff and `TPA' communicated concerning these two claims. There is no indication that the claims were denied or that Defendant [sic] properly collected these claims before billing Plaintiff [sic] for them. Defendant relied, to her detriment, upon Plaintiff to correctly submit claims for these charges and Plaintiff udnertook [sic] to do so."
 {¶ 6} Grandview raises one assignment of error on appeal.
 {¶ 7} "The court erred by rendering a decision based upon the manifest weight of the evidence and/or lack of sufficient evidence supporting the claims of the defendant/appellee."
 {¶ 8} In its sole assignment of error, Grandview claims that the trial court's ruling in Monie's favor on its second and third claims of nonpayment of medical bills was against the manifest weight of the evidence and based on insuffficient evidence.
 {¶ 9} In reviewing a claim that the judgment is not supported by the evidence, we are guided by the holding that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Const. Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus; see Lykins v. MiamiValley Hosp., Montgomery App. No. 19784, 2004-Ohio-2732, at ¶ 112. "Furthermore, we must presume the findings of the trier of fact are correct because the trier of fact is best able to observe the witnesses and use those observations in weighing the credibility of the testimony."Lykins, supra, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 81, 461 N.E.2d 1273.
 {¶ 10} Although not mentioned by the parties, we note that R.C. 1751.60
imposes a mandatory requirement upon health care facilities that contract with health insuring corporations to seek compensation for covered services solely from the insurer, except for approved co-payments and deductibles. R.C. 1751.60(A).
 {¶ 11} Grandview claims that Monie had presented no evidence (other than the letter from Grandview's human resources representative) that she was covered by UHC during the period in question; that she had offered no proof that she ever advised Grandview of any insurance other than those it had billed (i.e., TPA for claims one through three); and that she had failed to present evidence that UHC rather than her ex-spouse's insurer had been her primary insurer.
 {¶ 12} Upon review of the record, Monie testified that she and her dependents were covered by UHC during the period in question, and she substantiated that assertion with a letter from Grandview's human resources department. Monie testified that she was never insured by TPA. Monie admitted that she and her children had been covered under health insurance policies by a former spouse. However, Monie testified that she would not have given Grandview the name of her husband's insurance carrier, because the children were only covered by her insurance during the relevant time period. Although Monie did not expressly testify that she told Grandview to bill UHC rather than TPA, that inference is readily made from her testimony. Thus, Monie's evidence established that she had been insured by UHC, that her children had been covered only by UHC through her health insurance policy; and that neither she nor her dependents had been insured through another's health insurance provider at the time in question. The trial court apparently credited this evidence.
 {¶ 13} Grandview also asserts that Monie had offered no explanation for why she had failed to respond to the approximately 24 billing statements and 16-24 collection letters from Grandview for the eight dates of service. Monie denied receiving bills at her Auburn Avenue address concerning the first and second statements. Although her denial was directed to Grandview's first and second claims of nonpayment, it appears (based on the trial court's attempt to clarify her claims) that she may have been referring to the third billing statement as well.
 {¶ 14} The trial court found that Grandview had communicated with TPA, but that the claims at issue had not been denied and had not been properly collected before Monie was contacted for payment. Upon review of the record, we find there is ample support for that conclusion. Although the trial court could have found that Grandview had satisfied its contractual and statutory obligations and was entitled to payment from Monie, we cannot conclude that the court lost its way when it found otherwise and dismissed Grandview's claims based on the second and third billing statements. Because the trial court's verdict was not against the manifest weight of the evidence, it necessarily was based upon sufficient evidence.
 {¶ 15} The assignment of error is overruled.
 {¶ 16} The judgment of the trial court will be affirmed.
Fain, J. and Grady, J., concur.
[1] During her testimony, Monie stated that she did not think that she was responsible for more than the co-payments for the first and second bills. Later, when asked by the court whether she thought she was responsible for the third statement of $1,413.60, Monie replied "I thought that was the one I was contesting." To clarify, the court then asked, "So basically your position is that `1', `2', and `3', you thought the insurance company was going to pay these or pay a substantial part of it?" Monie responded: "They were suppose to pay it all." Based on this exchange, the trial court construed Monie's argument to be that she owed only the co-payments, if any, for each of the eight statements.