McARTHUR, d.b.a. McArthur Chiropractic Center, Appellee,

v.

RANDALL, Appellant.

[Cite as *McArthur v. Randall,* 166 Ohio App.3d 546, 2006-Ohio-777.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 2005–CA–2.

Decided Feb. 17, 2006.

Stacey Robert Pavlatos, for appellant.

FAIN, Judge.

{¶ 1} Plaintiff-appellee, McArthur Chiropractic Center, brought an action in small-claims against its patient, Richard Randall, to recover the unpaid balance on Randall's account. The Champaign County Municipal Court entered judgment in favor of McArthur Chiropractic Center, and Randall appeals.

{¶ 2} Randall contends that the trial court erred by failing to consider R.C. 1751.60 in its decision. He further contends that the judgment is against the manifest weight of the evidence.

{¶ 3} A crucial factual issue in this case is whether McArthur was a provider under contract with Randall's health-care insurer. McArthur testified that he was not; Randall testified that he was. In finding for McArthur on this issue, the magistrate erroneously stated that Randall had testified that McArthur was not a provider under contract with Randall's health-care insurer. We conclude that this constituted a fundamental factual error in the magistrate's decision, which was pointed out to the trial court in Randall's objections, but which was not addressed by the trial court. Under these circumstances, we conclude that the judgment is against the manifest weight of the evidence. The judgment of the trial court is reversed, and this cause is remanded for further proceedings.

I

{¶ 4} Brent McArthur, d.b.a. McArthur Chiropractic Center, filed suit in the Champaign Municipal Court alleging that Randall owed a total of $1,870 for services rendered during 2001 and 2002. The matter proceeded to a bench trial, during which the following evidence was adduced.

{¶ 5} Dr. Brent McArthur testified that he had treated Randall for problems arising from an automobile accident. The treatment continued for more than a year. At the end of the treatment, Randall was billed for services. McArthur testified that at the time the services were rendered, he was not under contract

with Randall's insurance company, Anthem, and that he was not, at the time of the hearing, an Anthem provider. McArthur also testified that Randall did not provide a copy of his insurance card. Finally, McArthur testified as follows:

{¶ 6} "If you look on a HIPA form which is a health insurance care form, there's a box that says is this care rendered due to work, auto or personal. Yeah, just general health. And this, this whole care has been rendered due to an accident, due to a car accident, lingering effects from a bad car wreck. Well, you, you can't bill an insurance company for an automobile accident—health care insurance company for an automobile accident when it's—it's a totally different thing. And [Randall is] still pursuing, I would imagine, to, to settle this with his own car insurance."

{¶ 7} In contrast, Randall testified that he had contacted his health-insurance carrier, Anthem, prior to treatment and was informed that McArthur had been under contract with Anthem since 1999. He further testified that he provided his health-insurance information to McArthur, but that McArthur had failed to bill Anthem.

{¶ 8} Following the trial, the magistrate decided in favor of McArthur, awarding $1,870 for services rendered. The decision included the following statement:

{¶ 9} "Both [McArthur and Randall] admit [Randall] received medical treatment from [McArthur]. [Randall] claims that [McArthur] was not a proper provider under his insurance. [McArthur] claims that he submitted proper paperwork for payment. [Randall] did receive medical treatment which should be paid for."

{¶ 10} Randall filed objections to the magistrate's decision. Along with his objection, he filed an exhibit purporting to be a photocopy of a page from Anthem's web site, which showed McArthur as an Anthem provider. The trial court, without analysis, overruled the objections and rendered judgment in favor of McArthur and against Randall. From this judgment, Randall appeals.

## II

{¶ 11} Randall's First Assignment of Error states as follows:

{¶ 12} "The trial court erred as a matter of law in failing to conclude that R.C. 1751.60 precluded direct billing of the appellant by the appellee."

{¶ 13} Randall contends that the trial court erroneously failed to consider the provisions of R.C. 1751.60 in determining this action.

{¶ 14} R.C. 1751.60 expressly states that providers cannot, under any circumstances, seek payment from enrollees or subscribers, except for approved copayments and noncovered services. *Parmatown Spinal & Rehab. Ctr., Inc. v. Lewis,*

Cuyahoga App. No. 81996, 2003-Ohio-5069, 2003 WL 22208786, ¶ 24. "[The statute] imposes a mandatory requirement upon health care facilities [and providers] that contract with health insuring corporations to seek compensation for covered services solely from the [health] insurer, except for approved copayments and deductibles." *Grandview/Southview Hosps. v. Monie,* Montgomery App. No. 20636, 2005-Ohio-1574, 2005 WL 737393, ¶ 10, citing R.C. 1751.60(A). In other words, if McArthur is an Anthem provider, he cannot seek payment from Randall, an Anthem insured, for anything other than approved copayments or noncovered services.[1]

{¶ 15} This statute must be considered when a doctor is a contract provider for an insurance company and that doctor treats the insured of that company. In this case, neither the magistrate nor the trial court made any reference to this statute, despite the fact that Randall raised it many times during the pendency of this action. We presume that the magistrate and trial court did not consider this statute because they found that Dr. McArthur was not an Anthem provider.[2] Dr. McArthur's testimony would support this finding. Therefore, we decline to find error in this regard.

{¶ 16} The first assignment of error is overruled.

### III

{¶ 17} Randall's second assignment of error is as follows:

{¶ 18} "The trial court's judgment was against the manifest weight of the evidence."

{¶ 19} Randall contends that the judgment against him is not supported by the evidence. Specifically, he claims that the magistrate's findings are erroneous and that the trial court erred by adopting the magistrate's decision.

{¶ 20} Obviously, the key issue in this case is whether McArthur had a contract with Anthem to act as a provider of medical services for individuals insured by Anthem. If he was a provider, then the provisions of R.C. 1751.60 require that he bill Anthem rather than Randall. If he was not, then the provisions of that statute do not apply.

---

1. The Cuyahoga Court of Appeals has found one exception to this rule. Specifically, that court has held that a doctor may bill the patient if the patient fails to comply with the "evidence of coverage" requirement. *Parmatown,* Cuyahoga App. No. 81996, 2003-Ohio-5069, 2003 WL 22208786, at ¶ 25.

2. However, given our disposition of the second assignment of error, we note that the failure to consider this statute would be erroneous if, on remand, the evidence supports a finding that McArthur is an Anthem provider.

{¶ 21} As noted above, the magistrate made only three findings with regard to her decision in favor of McArthur: (1) that McArthur provided medical treatment to Randall, (2) that Randall testified that McArthur was not an Anthem provider, and (3) that McArthur submitted the proper paperwork for payment.

{¶ 22} It appears that the magistrate's decision was based, largely, upon a finding that McArthur was not an Anthem provider. Thus, we must decide whether, as claimed, the magistrate, and subsequently the trial court, erred in determining this issue.

{¶ 23} We are cognizant of the fact that McArthur testified that he was not an Anthem provider and that this testimony was in direct contradiction of Randall's testimony. We are further aware that the magistrate, as the initial finder of fact, was in the best position to determine the credibility of the witnesses, and thus, was entitled to conclude that McArthur was the more credible witness. Thus, had the magistrate merely stated that she found McArthur's testimony more credible than Randall's, we would be constrained to conclude that the finding was supported by the evidence.

{¶ 24} However, we cannot ignore the fact that the magistrate found that Randall testified that McArthur was not an Anthem provider. This finding is erroneous on its face, completely contrary to the transcript of the hearing, and thus, not supported by the evidence. Since the magistrate made a finding that is completely erroneous, and since that finding was in regard to a vital issue, we cannot say that this error was minor or harmless.

{¶ 25} Because we have found a serious factual error in the magistrate's decision, we conclude that the trial court erred in adopting that decision. "Magistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court. Therefore, magistrates do not constitute a judicial tribunal independent of the court that appoints them. Instead, they are adjuncts of their appointing courts, which remain responsible to critically review and verify the work of the magistrates they appoint." *Quick v. Kwiatkowski* (Aug. 3, 2001), Montgomery App. No 18620, 2001 WL 871406. "Civ.R. 53(E)(4)(b) contemplates a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed. The trial court may not properly defer to the magistrate in the exercise of the trial court's de novo review. The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function." Id.

{¶ 26} In this case, it appears that the trial court perfunctorily overruled Randall's objections, without review or analysis. Randall's objections raised the issue of the erroneous finding by the magistrate, and the record supported his

objection. However, the trial court made no reference to this obvious error and failed to address, or otherwise correct, that error.

{¶ 27} Furthermore, when Randall filed his objections, he also submitted evidence, in the form of a copy of Anthem's provider directory, indicating that McArthur was, in fact, an Anthem provider. A trial court has the discretion to "refuse to consider additional evidence proffered upon objections." However, the trial court did not mention this evidence in its decision. Therefore, we do not know whether it decided not to consider this evidence or whether it simply did not review the record.[3]

{¶ 28} We conclude that the magistrate's decision contained an obvious error of fact and that the trial court abused its discretion by failing to address this error, which had been called to its attention. Therefore, we conclude that the judgment is against the manifest weight of the evidence.

{¶ 29} The second assignment of error is sustained.

IV

{¶ 30} Randall's second assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

Judgment accordingly.

GRADY, P.J., and BROGAN, J., concur.

---

3. We do not reach the issue of whether this exhibit is admissible, but note that this evidence, if properly proffered, would tend to corroborate Randall's testimony.